UNITED STATES of America,
Plaintiff–Appellee,

v.

Samantha Jo TACKITT, Defendant–
Appellant.

No. 13–30354.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Dec. 5, 2014.*

Filed Dec. 12, 2014.

As Amended Jan. 13, 2015.

Anthony G. Hall, Esquire, Assistant U.S., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Thomas Brian Dominick, Dominick Law Offices, PLLC, Boise, ID, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

### MEMORANDUM **

Samantha Jo Tackitt appeals from the district court's judgment and challenges the 151–month sentence imposed following her guilty-plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

The government concedes that the government breached the parties' plea agreement by using Tackitt's immunized admissions about her criminal conduct at sentencing.[1] The parties dispute what standard of review applies and whether Tackitt was prejudiced by the breach. We conclude that remand is warranted even under plain error review because there is a reasonable probability that the court's choice of a high-end sentence was influenced by the immunized admissions. *See United States v. Whitney,* 673 F.3d 965, 972–74 (9th Cir.2012) (finding plain error where the government's use of immunized admissions was an implicit argument for a harsher sentence and, therefore, likely "influenced the court's overall view of the appropriate sentence"). Accordingly, we vacate and remand for resentencing. *See id.* at 976. We remand to a different judge as required by our circuit law "although in doing so we intend no criticism of the district judge ... and none should be inferred." *Id.* (internal quotations omitted).

**VACATED and REMANDED for resentencing.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

